November 24, 1978

## 78-61 MEMORANDUM FOR THE GENERAL COUNSEL, FEDERAL MEDIATION AND CONCILIATION SERVICE

### Department of Labor—Boards of Inquiry—Payments to Federal Employees From Non-Government Sources (18 U.S.C. § 209)—Proposed Supplementation of Compensation

This responds to your request for our opinion whether a proposal to supplement the salary paid to arbitrators who are members of Boards of Inquiry appointed under 29 U.S.C. § 183 would be permissible under the Federal conflict-of-interest laws. You inquire further whether a particular system of supplementation involving unequal contributions by the various parties to a dispute would raise additional legal problems. We have concluded that a supplementation arrangement would not result in violation of the applicable conflict provision, 18 U.S.C. § 209. We believe, however, that your decision regarding the handling of unequal contributions may be influenced by the requirement that distribution of additional funds be accomplished by the parties themselves or some entity other than the Federal Mediation and Conciliation Service (FMCS). We also recommend that you consider revising pertinent FMCS regulations before any such supplementation proposal is implemented.

Pursuant to 29 U.S.C. § 183, Boards of Inquiry are appointed by the FMCS to conciliate certain disputes in the health care industry. Members of these boards are selected from a roster of private arbitrators maintained by the FMCS and the boards are required by law to issue their reports within 15 days of their establishment. In unusual cases an individual arbitrator may serve on more than one board in a given year. You indicate that in many instances service for a full 15 days in connection with a single inquiry is not required. However, in no event has an arbitrator served on as many as eight Boards of Inquiry in a single year.

Compensation of members of Boards of Inquiry is set by statute at the GS-18 rate. The proposal in question is that this compensation, which amounts to $183 per day, be supplemented by voluntary contributions of the parties to the

dispute to approximate more closely the prevailing rate for arbitral services—$200 to $400 per day.

Section 209(a) prohibits the receipt of salary or contribution to or supplementation of salary as compensation for services rendered as an officer or employee of the executive branch of the United States or of any independent agency. However, 18 U.S.C. § 209(c) specifically exempts "special government employees" from the prohibition. Section 202(a) of title 18 defines "special government employees" as those who are appointed to perform temporary duties either on a full-time or intermittent basis, for a period not to exceed 130 days during any period of 365 consecutive days. The period of 130 days is, moreover, to be ascertained by reference to the anticipated period of employment, not the duration of actual service. So long as the existing practice is continued, whereby Board members are appointed for terms of not more than 15 days and, whenever reappointed, would serve in total no more than 130 days in any period of 365 consecutive days, they would qualify as special Government employees, and supplementation of their compensation would not be prohibited by § 209.

Two additional questions are raised, however. First, we are uncertain whether you plan to provide for distribution of the supplemental funds through the FMCS itself, or directly through the parties. Absent statutory authorization to accept gifts, the Service could not itself participate in such an arrangement. We are not aware of any such authority. This limitation may well bear on the procedures to be adopted where only one party agrees to provide supplemental funds or where the parties agree to pay varying amounts. Although you might devise a pooling arrangement, the creation of such a mechanism may prove more difficult in the circumstances of this case. Apart from this consideration, we are aware of no other legal impediment to an arrangement involving unequal contributions by the parties.

Finally, consideration should be given to the more explicit requirements imposed by the FMCS's Standards of Conduct set out in 29 CFR Part 1400. Section 1400.735-30 applies certain of those rules to special Government employees. One of the applicable rules, § 1400.735-11, provides that except as otherwise specifically permitted "an employee shall not . . . accept . . . any gift, . . . or any other thing of monetary value, from a person who . . . (2) [c]onducts operations or activities that are affected by Federal Mediation and Conciliation Service functions." The acceptance of a compensation supplement is not in the nature of a gift, and may well fall within the intended coverage of § 1400.735-12, which governs employment and is specifically rendered inapplicable to special Government employees. We are, however, uncertain whether you have adopted such an interpretation of this provision rather than a more literal reading that might bar acceptance of any such consideration. You may therefore wish to consider whether the list of

exceptions found in subsection (b) of § 1400.735-11 should be expanded specifically to include approval of the proposed compensation supplements.

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*
